IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN GARCIA & IRENE CANDELARIO, | : | CIVIL ACTION |
| on behalf of themselves and all other similarly | : | |
| situated individuals | : | |
| | : | |
| v. | : | |
| | : | |
| PILGRIM'S PRIDE CORPORATION a/k/a | : | |
| WAMPLER FOODS, INC. | : | NO. 06-710 |

## MEMORANDUM AND ORDER

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE                 July    13   , 2006

This is a suit brought against Pilgrim's Pride, alleging, among other things, violation of the Pennsylvania Minimum Wage Act and the Wage Payment and Collection Law.[1] The suit arises from the alleged failure of Pilgrim's Pride to compensate its employees for time spent "preparing, donning, doffing, and sanitizing sanitary and safety equipment and clothing . . . before and after paid time." Complaint, at ¶3. The Defendant has filed a Motion for an Order Prohibiting *Ex Parte* Communication with Potential Plaintiffs, arguing that counsel's actions amount to solicitations which "compromise the ability of [potential] class members to make an informed reason choice" regarding their representation. See Defendant's Brief, at 1 (citing Pennsylvania Orthopaedic Society v. Independence Blue Cross, 885 A.2d 542, 548 (3d Cir. 2005)). In response, counsel admits attempting to contact members of the proposed class to discuss whether they have been properly compensated for their work-related activities. See Response, at 2.

---

[1] The Honorable Marvin Katz, to whom the case was assigned before its referral to the undersigned, denied class certification status, without prejudice to renew the motion following a pre-trial conference so that the court could decide the issue on a fuller record. (Order docketed at Document #15).

Rule 23 of the Federal Rules of Civil Procedure governs class action suits.  Both sides agree that Rule 23 gives this court the power to restrict communications between counsel and potential clients in this case.  The actions of which the Defendant complains are two-fold.  First, the Defendant complains about Plaintiff's counsel handing out business cards outside one of the Wampler plants and putting business cards in a local store.[2]  The Defendants also complain about two telephonic communications that counsel allegedly had with two Wampler employees.  During the conversation, someone identified only as Kenny Lennon, told the workers about the suit, that it involved breaks, and suggested that they join the suit.[3]  (Declaration of Boyer, attached to Defendant's Motion).  In requesting the prohibition on *ex parte* communication, the Defendant seems to argue that the Plaintiff's counsel is somehow strong-arming potential plaintiffs.  "There is a compelling interest of ensuring that potential class members' decisions are made based on an independent analysis of their own self interest."  Plaintiffs' counsel, however, argues that none of the actions to which defense counsel refers, have run afoul of Rule 23 or necessitate the protection of this Court.  (Response, at 5).

The Supreme Court has held that any limitation on communications in this circumstance should be based "on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties."  Gulf Oil Co. v. Bernard, 452 U.S. 89, 101 (1981).  Moreover, both the Supreme Court and the Third

---

[2] According to the affidavit of a Human Resources Manager, counsel was distributing his business cards and a piece of paper, written in Spanish, identifying counsel as an attorney for the workers of Pilgrim's Pride, who has a case against the company in Philadelphia. (See Exhibit A to the Affidavit of Anderson, attached to Defendant's Motion).

[3] There is no evidence that Mr. Lennon works for Plaintiff's counsel.

Circuit noted that any limitation "should result in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances." In re Community Bank of Northern Virginia, 418 F.3d 277, 310 (3d Cir. 2005)(quoting Gulf Oil, at 102). In Community Bank, even assuming misleading communications had occurred, the Third Circuit rejected the District Court's broad solution to invalidate all solicited opt-out requests due to alleged improper communications by several law firms soliciting opt-outs. 418 F.3d at 312-13.

Here, the Defendant has asked for a total ban on unwritten communications and further asked that all written communication be approved by the court. We will deny the Defendant's motion. We are at a loss to determine how handing out business cards, making them available at a local store, or notifying potential class members of the existence of the lawsuit overwhelms the will of the employee to make decisions about participation in the lawsuit.

In support of its motion, the Defendant quotes Community Bank, in which the Third Circuit noted that "misleading communications by soliciting counsel have a detrimental effect on the class notice procedure and, therefore, on the fair administration of justice." 418 F.3d at 310. There has been absolutely no evidence adduced that counsel has provided any misleading information or strong-armed anyone. Rather, the communications complained of merely made potential members of the class aware of the suit.

In Coles v. Marsh, 560 F.2d 186 (3d Cir. 1977), the Third Circuit issued a writ of mandamus, ordering the District Court to vacate an order prohibiting class counsel's communication with potential class members in a class action suit alleging discriminatory

employment practices.  In <u>Coles</u>, the Plaintiff, with the knowledge and consent of her counsel, contacted current and former co-workers in the hope of interesting them in participating in the suit, and contacted the NAACP to solicit financial support to defray litigation expenses.  Rather than barring such communication, the Third Circuit stated:

> We do not accept the idea expressed by defendant that plaintiff's activities represent abuses of the class action device. Rather, plaintiff's activities were directed toward effectuating the purposes of Rule 23 by encouraging common participation in the litigation of her sex/race discrimination claim.

<u>Coles</u>, at 189.  <u>See</u> <u>also</u> <u>Lester v. Percudani</u>, No. 01-1182, 2002 WL 1460763 (M.D. Pa. Apr. 18, 2002)(denying motion for a protective order prohibiting defense counsel's unauthorized communication with class members barring showing of some misleading communication).

Like the courts in <u>Coles</u> and <u>Lester</u>, we find nothing objectionable in counsel's alleged actions.  Defendant's motion seems more akin to a pre-emptive strike, in anticipation of counsel misleading the class members.  At this point, there is no evidence to support any limitation on communication by counsel, let alone a complete bar on communication not pre-approved by the court.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN GARCIA & IRENE CANDELARIO, | : | CIVIL ACTION |
| on behalf of themselves and all other similarly | : | |
| situated individuals | : | |
| | : | |
| v. | : | |
| | : | |
| PILGRIM'S PRIDE CORPORATION a/k/a | : | |
| WAMPLER FOODS, INC. | : | NO. 06-710 |

**O R D E R**

AND NOW, this     13th     day of    July    , 2006, upon consideration of the Defendant's Motion for Order Prohibiting *Ex Parte* Communication with Potential Plaintiffs, the response, thereto, the reply, and for the reasons stated in the accompanying Memorandum, IT IS HEREBY ORDERED that the Motion is DENIED.


BY THE COURT:

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE